UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11471-RWZ

SANTOS RAMIREZ

v.

CAROLINA DREAM, INC.

MEMORANDUM OF DECISION

August 5, 2013

ZOBEL, D.J.

Plaintiff Santos Ramirez, a seaman, filed this maritime personal injury action against his employer, defendant Carolina Dream, Inc., seeking damages for injuries he allegedly sustained while working onboard the fishing vessel DEFIANT ("F/V DEFIANT").  Defendant moves for summary judgment.

**I. Background**

The undisputed facts show the following.

Plaintiff was employed as the mate aboard the F/V DEVIANT, owned and operated by defendant.  On or about December 8, 2008, about three days into a fishing trip off the New Jersey coast, plaintiff was in his bunk bed when the vessel was struck by a "large sea," causing him to hit the side of his jaw against the bulkhead.  He sustained a laceration inside his mouth and, approximately three days later, began to feel weak and sick to his stomach.

Plaintiff informed the captain of the ship what had happened.  The captain told

him to "clean it up and to take pills."  Docket # 21, Ex. 1 at 99.  Plaintiff requested to be brought to shore, possibly to Cape May, the closest port, but the captain refused and instructed him to run the boat until the end of the trip.  Plaintiff also claims that the captain had the sole authority to decide whether to contact the United States Coast Guard for medical assistance, but acknowledges that he did not request that the captain do so.

Plaintiff's condition worsened as the F/V DEFIANT fished for several more days[1] before coming to shore at its home port in Seaford, Virginia.  Plaintiff was immediately transported by his wife to the emergency room at a local hospital, where he was admitted for one month due to a severe infection.  He was subsequently diagnosed with aplastic anemia, a disease which damages the bone marrow and blood cells.

Plaintiff filed this suit on August 17, 2011, alleging negligence under the Jones Act, 46 U.S.C. § 30104, and general maritime claims of unseaworthiness and maintenance and cure.  On May 22, 2013, defendant filed the instant motion, arguing that plaintiff has failed to offer admissible evidence, particularly on the issue of causation, that would allow him to recover under any count.

## II. Legal Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

---

[1] Plaintiff's interrogatory responses state that the fishing trip lasted seven (7) additional days, but his opposition to defendant's motion for summary judgment indicates that the ship came into shore approximately three (3) days later.

a judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>Santoni v. Potter</u>, 369 F.3d 594,

598 (1st Cir. 2004). Facts are material if they might affect the outcome of the litigation,

and a factual dispute is "genuine" if "the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S.

242, 247-48 (1986). In general, summary judgment for the defendant may be granted if

a party "fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at

trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

## III. Discussion

### A. Jones Act and Unseaworthiness

The Jones Act provides injured seamen with an action for damages "where an

employer's failure to exercise reasonable care causes a subsequent injury even where

the employer's negligence did not render the ship unseaworthy." <u>Ferrera v. A. & V.

Fishing, Inc.</u>, 99 F.3d 449, 453 (1st Cir. 1996) (citing <u>Toucet v. Maritime Overseas

Corp.</u>, 991 F.2d 5, 10 (1st Cir. 1993). Plaintiff must establish all the elements of a

common-law negligence claim, but his burden of proving causation is "featherweight";

he need only demonstrate that "the employer's negligence contributed even in the

slightest to the plaintiff's injury." <u>Toucet</u>, 991 F.2d at 10 (citations omitted).

The doctrine of unseaworthiness imposes on a shipowner an absolute duty to

provide "a vessel and appurtenances reasonably fit for their intended use." <u>Poulis -

Minott v. Smith</u>, 388 F.3d 354, 366 (1st Cir. 2004) (citations omitted). This warranty

encompasses the personnel of the ship as well as to its equipment, requiring "that a

seaman should be equal in disposition and seamanship to the ordinary men in the calling." Connolly v. Farrell Lines, Inc., 268 F.2d 653, 655 (1st Cir. 1959) (citing Boudoin v. Lykes Bros. S.S. Co., 348 U.S. 336 (1955), and Keen v. Overseas Tankship Corp., 194 F.2d 515 (2d Cir. 1951)).  Unlike with a Jones Act claim, a plaintiff need not prove negligence to recover, but he must show that an unseaworthy condition was the proximate cause of the injury sustained.  Poulis-Minott, 388 F.3d at 366.

Plaintiff does not charge negligence and unseaworthiness with respect to the captain's navigation of the F/V DEFIANT, nor does he claim that negligence or unseaworthiness caused him to hit his jaw on the bulkhead in rough seas.  Rather, the gravamen of plaintiff's claims is that the captain was negligent and the ship unseaworthy by the captain's failure to properly address his medical situation following the initial injury.  Plaintiff alleges that the delay resulting from the captain's refusal to bring him to shore for immediate medical attention or to contact the Coast Guard for assistance led to the development of a serious infection and, ultimately, aplastic anemia.[2]  Defendant argues that plaintiff's claims fall short because – even assuming that the captain's conduct here amounted to negligence or unseaworthiness – he has failed to provide any admissible evidence of the alleged infection; of any causal connection between the incident on the ship, the alleged infection, and aplastic anemia; and of any causal connection between the captain's delay in returning to port and the

---

[2] Defendant's motion for summary judgment addresses negligence and unseaworthiness in the context of plaintiff's initial injury to his jaw.  But plaintiff, in his opposition, makes clear that his claims center not on the navigation or condition of the ship at the time of his injury on December 8, but rather on the subsequent delay in receiving medical assistance and resulting infection and illness.  Defendant, therefore, confronts these arguments in its reply memorandum.

development of aplastic anemia.

The record is indeed devoid of any evidence on causation to sustain plaintiff's claims. He has not provided any expert or medical evidence supporting a conclusion that his infection and illness were a direct consequence of any incident aboard the F/V DEFIANT and attributable to negligence or failure of duty by defendant.  The medical records make no mention of plaintiff developing an infection during the fishing voyage and repeatedly indicate that his aplastic anemia is of "unknown etiology."  Docket # 15, Exs. C and D.  In a letter on April 15, 2009, Dr. John F. Miller, plaintiff's treating physician, ruled out chemical exposure as the cause of the disease and noted that plaintiff suffered from hepatitis C, a typical "culprit" of aplastic anemia.  Docket # 15, Ex. D.[3]  In another letter, dated February 8, 2010, Dr. Miller opined that "[t]he cause of his aplastic anemia simply can not (sic) be determined."  Docket # 15, Ex. F.  Plaintiff has likewise failed to present any evidence or expert testimony showing that the delay between hitting his jaw and returning to port caused or contributed to the development of aplastic anemia.

Plaintiff acknowledges that his medical records do not indicate the cause of his aplastic anemia, but nonetheless insists that a "reasonable inference" of causation can be drawn simply "based on his good health prior to the trip in question and his sudden and serious illness at the conclusion of the trip."  Docket # 21 at 6.  But such "'conclusory allegations, improbable inferences, and unsupported speculation' are

---

[3] Records predating the incident aboard the F/V DEFIANT show that plaintiff suffered from "chronic" hepatitis C.  Docket # 15, Ex. E.

insufficient to defeat summary judgment." <u>Magarian v. Hawkins</u>, 321 F.3d 235, 240 (1st Cir. 2003) (citing <u>Leblanc v. Great American Ins. Co.</u>, 6 F. 3d 836, 842 (1st Cir. 1993)). The causal link between the incident on the ship, any delay in treatment, and plaintiff's later development of aplastic anemia is not within common knowledge, and where "the nexus between the injury and the alleged cause would not be obvious to the lay juror, '[e]xpert evidence is often required to establish the causal connection between the accident and some item of physical or mental injury.'" <u>Wills v. Amerada Hess Corp.</u>, 379 F.3d 32 (2d Cir. 2004) (affirming summary judgment in Jones Act case where plaintiff failed to proffer expert testimony on the issue of causation) (citing <u>Moody v. Maine Cent. R.R. Co.</u>, 823 F. 2d 693, 695 (1st Cir. 1987)).

Without more than his own speculative testimony, plaintiff has failed to show a triable issue of causation with respect to either his Jones Act or unseaworthiness theories of liability.

**B.  Maintenance and Cure**

Defendant has heretofore paid maintenance and cure to plaintiff, but disputes that he is entitled to continued payment for the treatment of his aplastic anemia. Maritime law requires shipowners "to ensure the maintenance and cure of seamen who fall ill or become injured while in the service of the ship." <u>Ferrara</u>, 99 F. 3d at 453 (quoting <u>Leblanc v. B.G.T. Corp.</u>, 992 F.2d 394, 396 (1st Cir. 1993)).  This entails "the provision of, or payment for, food and lodging ('maintenance') as well as any necessary health-care expenses ('cure') incurred during the period of recovery from an injury or malady." <u>Id.</u>  The right to maintenance and cure is available only to a seaman who is

"in the service of the ship" at the time of the injury or onset of illness.  Id.

Plaintiff has not produced any evidence that his aplastic anemia arose during his service of the F/V DEVIANT, as necessary to recover on his maintenance and cure claim.  Whitman v. Miles, 387 F. 3d 68, 74 (1st Cir. 2004) (affirming summary judgment for defendant on maintenance and cure claim where plaintiff failed to produce any evidence that she began to suffer from depression while in the service of the ship). Other than asserting that he was in "normal health" prior to the fishing voyage and hospitalized upon returning to port, plaintiff offers no evidence or testimony regarding the onset of aplastic anemia and whether it corresponds with his time of service. Accordingly, plaintiff cannot sustain his claim for maintenance and cure.

## IV. Conclusion

Defendant's motion for leave to file a reply in support of its motion for summary judgment (Docket # 22) is ALLOWED.

Defendant's motion for summary judgment (Docket # 16) is ALLOWED. Judgment shall enter accordingly.

_____August 5, 2013_____
DATE

_____/s/Rya W. Zobel_____
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

7